UNITED TOOL & MANFG. CO. *v.* GRAY.

JOINT ADVENTURES—LIABILITY OF ALL FOR GOODS ORDERED BY ONE. In action for purchase price of certain tools ordered by one co-adventurer in name of proposed corporation pursuant to agreement between him and his associates, although proposed corporation was never incorporated, judgment against all co-adventurers, *held,* justified by record.

Appeal from Wayne; Boomhower (Xenophon A.), J., presiding. Submitted June 6, 1933. (Docket No. 10, Calendar No. 37,087.) Decided October 2, 1933.

Assumpsit by United Tool & Manufacturing Company, a Michigan corporation, against Elmer J. Gray, Jay F. Warren, Charles Hopkins, and John L. Newell, individually and jointly, for balance due under contract for making certain tools. Judgment for plaintiff. Defendants appeal. Affirmed.

*Wynn, Zinn & Freimuth,* for plaintiff.

*Fildew & De Gree,* for defendants.

WIEST, J. Defendant Hopkins invented a power-operated bumping tool for working sheet metal, and, September 6, 1930, under written agreement, defendants Newell, Warren, and Gray became interested with him in the production of the tool for commercial purposes and to operate under the name of Hopkins Pneumatic Power Company, as a joint venture or copartnership, with designated interests. In the agreement it was stated that Newell, Warren,

and Gray should arrange for the payment of the necessary expenses and for whatever credit might be deemed advisable in connection with tools, machinery, and labor for getting out demonstrator's tools for distributors and dealers, and for getting the tools into production, including the expense of putting the same on the market. The parties contemplated the formation of a corporation later if deemed advisable. No such corporation, however, was formed. September 19, 1930, defendants Gray and Warren, together with others, but not including defendants Hopkins and Newell, formed the J. F. Warren Sales Company, a Michigan corporation. January 6, 1931, Mr. Hopkins gave plaintiff company a purchase order for the making of 100 tools for "Hopkins Pneumatic Tool Company." This order was on the stationery of the J. F. Warren Sales Company, "Hopkins Pneumatic Tool Division." The tools were made by plaintiff and partly paid for by checks of the J. F. Warren Sales Company. This suit was brought against the defendants under their obligation as joint venturers or copartners.

Defendants contend that the purchase order was that of the J. F. Warren Sales Company and that corporation is liable.

The issues were tried by the court and judgment rendered against defendants.

It was stipulated in the joint venture agreement that the "parties will operate under the name of the Hopkins Pneumatic Tool Company, * * * and if the parties mutually decide to incorporate, that this agreement may be assigned by the parties to such corporation, but not otherwise, without the consent of the parties." No such corporation was formed

and we find no assignment by the parties to the J. F. Warren Sales Company.

In the purchase order given plaintiff by Mr. Hopkins it was stipulated that the tools, jigs, and fixtures were to be the property of the Hopkins Pneumatic Tool Company, and, in the joint-venture agreement it was provided that, "in the event of failure or dissolution of the company (Hopkins Pneumatic Tool Company), the first party (Mr. Hopkins), shall have the entire ownership in such tools, jigs, and machinery as are on hand at such time."

Before making the tools, the president of plaintiff company made some investigation, and claims that he was assured by defendant Gray that the J. F. Warren Sales Company was merely financing the venture. This was denied by Mr. Gray and brought a sharp issue of fact into the case.

The record has been read and brings us to agreement with the conclusion of the circuit judge. It would be of no benefit to enter upon a review of the evidence.

The judgment is affirmed, with costs to plaintiff.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.